UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:24-cr-00381 (LLA) |
| : | |
| GERALD POWELL, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S
### MOTION TO CONTINUE TRIAL AND VACATE PENDING DEADLINES

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Gerald Powell's ("defendant") Motion to Continue, ECF No. 18. There is a public interest in the prompt and efficient administration of justice, and the Court should proceed as it would in any other prosecution.

Like the defendant in *United States v. Philip Grillo*, 21-CR-690 (RCL), the "sole basis for [the defendant's] Motion is his belief that he will receive a presidential pardon for his actions on January 6, 2021." *Grillo*, ECF 145, Slip. Op. at 1; *compare Powell*, ECF 18 at 3. For similar reasons as in *Grillo*, this Court should reject this premise as a basis to halt ongoing criminal proceedings. As Judge Lamberth held, "[f]ederal district courts operate under the constitutional command to wield the judicial power of the United States. They do not shirk from this role or indefinitely delay proceedings because of the lurking possibility of a presidential pardon after the conclusion of judicial proceedings." *Id*. at 2 (quotations and citations omitted.) And "[w]hile preservation of judicial resources is an important goal for [the courts], it is not the only or even the ultimate goal of our courts." *Id*. at 3. So too here. Supposition and suggestion are all the Defendant provides in support of his motion.

For these reasons, multiple courts have considered and rejected claims similar to those Powell raises here. *See, e.g.*, *United States v. Avery*, 24-CR-79 (CRC), Nov. 6, 2024 Min. Order (denying continuance of sentencing hearing based on claim of potential clemency); *United States v. Fuller*, No. 23-CR-209 (CKK), Nov. 6, 2024 Min. Entry (denying motion to continue sentencing hearing based on claim of potential clemency); *United States v. Carnell, et al.*, No. 23-CR-139 (BAH), Nov. 6, 2024 Min. Order (denying motion to continue status conference based on claim of potential clemency); *United States v. Lichnowski*, 23-CR-341 (RBW), Nov. 7, 2024 Min. Order (denying motion to continue sentencing hearing based on claim of potential clemency); *United States v. Baker,* 24-CR-121 (CRC), Nov. 11, 2024 Min. Order (denying motion to continue all dates based in part on claims of financial hardship in traveling to Washington, D.C. and potential clemency); *United States v. Hefner*, 24-cr-260 (APM), Nov. 11, 2024 Min. Order (denying motion to stay proceedings based on claim of potential clemency and stating "Defendant's speculation that he may receive a pardon is not good cause to stay this matter"); *United States v. Johnsons*, 24-CR-141 (JDB), Nov. 13, 2024 Min. Order (denying motion to continue all dates, including trial, based on potential clemency); *United States v. Lee*, 21-CR-303 (ABJ), Nov. 15, 2024 Min. Order (denying motion to continue sentencing based in part on claims of financial hardship in traveling to Washington, D.C. and potential clemency, stating that "[t]he Court is not inclined to postpone the conclusion of this matter based on events that may or may not transpire with respect to some or all of the January 6 defendants at some unspecified date in the future"); *United States v. Baez*, 21-CR-507 (PLF), ECF No. 121 (denying motion to continue trial based in part on claims of financial hardship in traveling to Washington, D.C. and potential clemency, and stating that "[w]hatever the President-elect may or may not do with respect to some of those charged for their conduct at the Capitol on January 6, 2024, is irrelevant to the Court's independent obligations and

legal responsibilities under Article III of the Constitution"). *United States v. Dova Winegeart*, 22-CR-301 (CJN), November 18, 2024, Min. Order (considering and denying Defendant's Motion to Continue).

The defendant's citation to the Special Counsel's motion to vacate a briefing schedule in *United States v. Trump*, No. 23-cr-257 (TSC) is likewise inapposite. That motion refers to the "unprecedented circumstance" of a criminal defendant being "expected to be certified as President-elect on January 6, 2025, and inaugurated on January 20, 2025." *See id.*, ECF No. 278. Here, Powell has not been elected President.

For the foregoing reasons, the Court should deny the defendant's motion, and maintain the existing pretrial deadlines, the January 6, 2025 pretrial conference, and the January 7, 2025 trial date in this matter.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar No. 481052

By:   /s/ Matthew Beckwith
    MATTHEW BECKWITH
    DC Bar No: 90014452
    Assistant United States Attorney
    601 D Street, N.W. Washington, D.C. 20004
    (202) 252-7109
    Matthew.Beckwith@usdoj.gov